IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILKES, | : | |
| | : | No. 1:05-cv-586 |
| Plaintiff, | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| STATE FARM INSURANCE COMPANIES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**July 15, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 3) filed by Defendant State Farm Insurance Companies ("State Farm" or "Defendant"). Plaintiff John Wilkes ("Wilkes" or "Plaintiff") has filed a timely response and the Motion is now ripe for our review.

For the following reasons, we will grant Defendant's Motion in part and deny it in part, and we will permit the Plaintiff to file an amended complaint.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also

White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**STATEMENT OF FACTS:**

This action stems from a renters' insurance policy (the "Policy") that the Plaintiff purchased to cover his rental residence in Dickson City, Pennsylvania.  On November 29, 2003 the furnace in Plaintiff's apartment allegedly "blew back" a significant amount of soot, debris, and "other noxious and poisonous materials" throughout his apartment.  (Cmplt. ¶ 5).  Immediately, Wilkes initiated a claim on the Policy with the Defendant.

In response to Plaintiff's claim, State Farm paid $3580.64.[1]  However,

---

[1] We note that neither party submitted this figure in their submissions related to Defendant's Motion to Dismiss.  Rather, it was gleaned from Defendant's statement in the Joint Case Management Plan.  (See Rec. Doc. 8).

Plaintiff alleges that he has made additional claims against the Policy that have not been reimbursed. Among them are a claim that Defendant has failed to reimburse Plaintiff for: "personal property [] damage[, and ...] respiratory and skin problems." Additionally, Plaintiff alleges that Defendant failed to reimburse certain expenses related to Plaintiff's move from his apartment because of lingering effects from the "blow back."

On September 23, 2004, a State Farm representative visited Wilkes' apartment to investigate the damage, and on October 5, 2004 Wilkes submitted to State Farm an "opinion from a treating physician" stating that to remain in the apartment would be hazardous to his health. (Cmplt. ¶ 11). State Farm has not countered any of this evidence in its Motion.

After State Farm refused to reimburse these expenses, Plaintiff filed suit in the Lackawanna County Court of Common Pleas on February 22, 2005. Subsequently, Defendant removed the case to this court, pursuant to 28 U.S.C. § 1446(b). Diversity jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

**DISCUSSION:**

In its Motion, Defendant contends that Plaintiff's complaint should be dismissed for three reasons: (1) that Plaintiff has failed to state a claim for breach

of contract, (2) that Plaintiff has failed to state a valid claim for bad faith; and (3) that Plaintiff has failed to state a valid claim for intentional infliction of emotional distress.

It is undisputed that the Policy was delivered to the Wilkes at his apartment in Pennsylvania. We thus apply Pennsylvania law to this action, because Pennsylvania's choice of law rules provide that courts apply the insurance laws of the state in which the policy was delivered. See Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999).

We will now proceed to address each of State Farm's contentions in turn.

**A.    Breach of Contract Claim**

Defendant contends that Plaintiff has failed to state a cognizable claim for breach of contract. To satisfy its burden of pleading in a breach of contract claim, a plaintiff must, at a minimum, plead facts establishing: (1) the existence of a contract, including its essential terms; (2) a breach of contract; and, (3) resultant damages. J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc., 792 A.2d 1269, 1272 (Pa.Super. Ct. 2002).[2] Our inquiry under this test may cease at the first prong, as

---

[2] Defendant states, without any precedential or statutory support, that "it should be incumbent upon the moving party to attach the insurance contract and/or at least set forth sufficiently the policy language at issue." (Br. Supp. Mot. Dismiss at 3-4). While we agree that it might be prudent for a plaintiff to submit a contract when bringing a contract action, we are equally as unable as the Defendant to find case law mandating such a submission. Further, Federal Rule of Civil Procedure 10(c), which governs attachments to a complaint and other

Plaintiff's complaint fails to state any of the contract's (or in this case, the Policy's) essential terms. Until we can see the essential terms of the insurance contract, we cannot evaluate whether Plaintiff has stated a valid cause of action for breach of contract. Therefore, we will allow the Plaintiff twenty (20) days to amend his complaint to show the "essential terms" of his insurance contract with the Defendant that establish a breach of contract.

While as noted there exists no strict requirement that the insurance contract be attached to a complaint sounding in breach, at minimum Plaintiff is cautioned that it is necessary for him to recite within his amended pleading those provisions of the contact which he alleges have been breached by Defendant. Failure to do so will necessarily result in the dismissal of this count upon an appropriate renewal of the Defendant's Motion to Dismiss.

**B.     Bad Faith Claim**

Defendant next moves to dismiss Plaintiff's bad faith claim. Although no cause of action exists at common law for a bad faith claim against an insurer, in 1990 Pennsylvania enacted 42 Pa. Cons. Stat. § 8371, which states:

---

pleadings, is a permissive rather than mandatory rule. 2 James Wm. Moore et al., Moore's Federal Practice § 10.05[4] (3d ed. 1999)(citing United States v. Vernon, 108 F.R.D. 741, 742 (D.Fla. 1986)(no dismissal when plaintiff failed to attach contract sued upon)). We do not agree that such an attachment is necessary, although it is no doubt useful for all parties to be able to refer to the contract in resolving the dispute.

> In an action arising under an insurance policy, if the court finds that the **insurer has acted in bad faith** toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

(emphasis added). This statute was intended to mirror the Pennsylvania Supreme Court's opinion in D'Ambrosio v. Pennsylvania Nat'l Mut. Casualty Ins. Co., 431 A.2d 966 (Pa. 1981). The Pennsylvania courts, in defining "bad faith," have adopted the definition found in Black's Law Dictionary for this phrase:

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)(quoting Black's Law Dictionary 139 (6th ed.1990)). The party attempting to prove bad faith, in this case Wilkes, must do so by "clear and convincing" evidence. Cowden v. Aetna Cas. & Sur. Co., 134 A.2d 223, 229 (Pa. 1957)("bad faith must be proven by clear and convincing evidence and not merely insinuated"). Therefore, the obvious question before the Court is whether Defendant's actions in not settling Plaintiff's claims "breach[ed] a known duty"

6

where done in a malicious manner that went beyond "mere negligence or bad judgment." MGA Ins. Co. v. Bakos, 699 A.2d 751, 754-55 (Pa. Super Ct. 1997).

To determine whether bad faith exists, we apply a two part test. See Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)(citing Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1995). Both elements of the Terletsky test must be satisfied by clear and convincing evidence: "(1) whether the insurer lacked a reasonable basis for denying benefits; and (2) whether the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." Id.; see also Keefe v. Prudential Property & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000).

Based on the allegations in the complaint, we believe that both prongs of this test have been satisfied. First, Plaintiff alleges that he both sent State Farm documentation from a physician of his illness and its relationship to the "blow back." Second, Plaintiff also alleges that a claims representative of Defendant examined the subject apartment. Despite these events, State Farm rejected Plaintiff's claim for reasons not apparent from the record before us. What we do know, however, is that Plaintiff has alleged that this denial was in violation of the bad faith statute. At minimum, Wilkes alleges that State Farm disregarded his doctor's notice that he had suffered illness as a result of the "blow back." This

satisfies the requirements under the federal rules to state a claim upon which relief may be granted if in fact State Farm disregarded Wilkes' doctor's note. From the allegations, it is possible that State Farm lacked a reasonable basis if it had no evidence to counter the doctor's note. As such, we cannot dismiss the bad faith claim at this early juncture.

It is important to note that the discovery process may reveal that Defendant had a reasonable basis for denying benefits. Moreover, proving bad faith can be an arduous task, and one which requires the development of specific facts. Accordingly, it is simply improvident for the Court to deny Plaintiff the right to further litigate his bad faith claim, no matter how difficult his burden may be.

### C.    Intentional Infliction of Emotional Distress

Finally, Defendant moves to dismiss Plaintiff's claim for intentional infliction of emotional distress. Claims for intentional infliction of emotional distress have rarely been permitted to proceed in Pennsylvania.[3] As a panel of the Superior Court recently explained, this tort is only cognizable:

> '[W]here the conduct has been so outrageous in character, and so extreme in degree, as to go **beyond all possible bounds of decency**, **and to be regarded as atrocious, and utterly intolerable in a**

---

[3] In fact, there is an ongoing dispute as to whether this tort exists at all in Pennsylvania law. See Hoy v. Angelone, 720 A.2d 745, 753-54 n.10 (Pa.1998). Like so many other courts, we conclude that it is not necessary for us to resolve this dispute in the case sub judice. See, e.g., Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115 (Pa. Super. Ct. 2004).

**civilized society**.'  Generally, 'the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'.' Id.

Baselice v. Franciscan Friars Assumption BVM Province, Inc., – A.2d –, 2005 WL 1538998, *8 (Pa. Super. Ct. July 1.,2005)(quoting Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997))(emphasis added).  At first, it may appear that this is a jury question, and thus not subject to dismissal at this stage of the proceeding.  However, Pennsylvania courts have long held that an initial review of this factual question by the court is appropriate.  Johnson v. Caparelli, 625 A.2d 668, 671 (Pa. 1993)("With regard to the element of outrageousness, it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery.").  Notably, a plaintiff must allege some sort of physical harm suffered as a result of the Defendant's infliction of emotional distress.  Fewell v. Besner, 664 A.2d 577, 582 (Pa. 1995).

It is clear to us that even assuming that Plaintiff prevails in his bad faith claim, it will not provide an appropriate predicate for this tort:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

9

Comment d., Restatement (Second) of Torts § 46; see, e.g., Kazatsky v. King David Memorial Park Inc., 527 A.2d 988, 991 (Pa. 1987). Plaintiff has simply stated in his complaint that "State Farm has intentionally and/or recklessly inflicted extreme emotional distress." (Cmplt. ¶ 23). He neither states how the Defendant's conduct was "atrocious" or "utterly intolerable" nor states what physical harm he suffered as a result of this alleged distress. Rather, it appears to us that Plaintiff's counsel determined, through a degree of inspiration and creativity, that an additional claim for intentional infliction of emotional distress ought to be added to the mix. While we admire such creativity, we can envision no circumstances where this tort would be occasioned by a denial of an insurance claim.

We therefore find that Plaintiff has failed to allege an appropriate claim for intentional infliction of emotional distress, and we will thus grant Defendant's Motion to Dismiss as it pertains to Count III of Plaintiff's complaint.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss (Rec. Doc. 3) is GRANTED to the extent that Count III of Plaintiff's complaint, alleging intentional infliction of emotional distress, is DISMISSED with prejudice.

2.  Defendant's Motion to Dismiss (Rec. Doc. 3) is DENIED in all other respects.

3.  Plaintiff shall have twenty (20) days to amend Count I of his complaint so that at minimum it states the essential terms of the contract that the Defendant is alleged to have breached.

4.  At the expiration of these twenty (20) days or the filing by the Plaintiff of an amended complaint, Defendant shall file either a renewed motion to dismiss Count I or an answer, in accordance with the Federal Rules of Civil Procedure.

                    S/ John E. Jones III  
                    John E. Jones III  
                    United States District Judge